Good morning, your honors. May it please the court, my name is Vikram K. Badrinath, counselor for Petitioner Mr. Raul Flores-Medina. If I may, I would like to reserve one minute of my time for rebuttal. The issue before this court, your honors, is whether Petitioner's acquiescence to his roommate's promise to remove contraband from his apartment the next day equates to being a conscious, knowing, and willing participant to drug trafficking sufficient to render him inadmissible under Section 212A2C of the Immigration and Nationality Act. The facts of this case are such that the Petitioner was the innocent victim of his roommate's illegal conduct. According to the pre-sentence report found at page 846 of the record, the Petitioner met his friend Diego Dumanzali two months prior to the events in question. At that time, his friend asked to borrow Petitioner's car, which he consented. The next day, Petitioner realized his friend had transported marijuana in his vehicle and had placed it in his apartment. Petitioner did not agree with his friend's actions and told him to leave and take the contraband with him. His friend explained that he would have it there for, quote, a day or two, and Petitioner remained silent. A few hours later and before the contraband was removed, police arrived and searched the premises and arrested both individuals. In this case, the IJ and the BIA ignored the evidence and selectively cherry-picked certain evidence to arrive at its conclusion that Petitioner was inadmissible under INA 212A2C. I would like to focus on several factors regarding the inadmissibility under 212A2C because it addresses both the denial of the adjustment of status application as well as the denial of the cancellation of removal case. First, in 2001, Petitioner told the police that he was unaware that his friend had brought drugs into the apartment or used his vehicle to transport marijuana. This was contained at page 846 of the record, which is the pre-sent report issued in the year 2000. Petitioner also consistently testified during the proceedings some 16 years later in 2017 that he was not aware that his roommate had brought drugs into the apartment. That's found at page 334 to 336 of the record. Secondly, when Petitioner discovered that his roommate had used his vehicle to transport drugs and brought contraband into the apartment, he immediately took affirmative action and directed and commanded him to remove the marijuana. When his friend indicated that he would remove it in a day or two, Petitioner remained silent. At best, he passively acquiesced to his friend's promise to remove the marijuana in a day, but this acquiescence to honor is or silent submission is not the type of affirmative conduct necessary to become a conscious, knowing, willing participant in drug trapping. This court's precedents have always held that in order for an individual to be inadmissible for drug trapping, they must be a knowing, conscious, and willing participant through substantial evidence. There is not substantial evidence in this record to demonstrate that Petitioner was involved in drug trapping. In fact, this court's prior precedents have always required that there be some affirmative, conscious act coupled with knowledge in order to find that there is a reason to believe. For example, in this case, I would like to ask you a couple of questions. First of all, was there credibility finding in this case? Thank you, Judge Baird. That's an excellent point. In this case, the immigration judge did not make any explicit credibility finding, and therefore, under the Real ID Act of 2005, the Petitioner's testimony is deemed to be credible. This court has always held that there must... Yes, sir. My notes indicate that your Petitioner pleaded guilty to solicitation of possession of marijuana for sale, an Arizona felony. Yes, Your Honor. First of all, the Petitioner's offense of solicitation is not an offense which is a deportable or inadmissible offense. This court has previously held in several present decisions that solicitation is not a deportable offense under this court's precedents in the INS, as well as Leyva Lecia. These offenses are not deportable under the INA, nor are they inadmissible offenses. The immigration... With a third question, my notes also indicate that the basis of his removal order was that the Attorney General, quote, had reason to believe, unquote, he was an illicit trafficker in drugs and no one reassisted drug trafficking. How do you get around that? Yes, Your Honor. There are several factors that the immigration judge did not consider, as I've mentioned a few previously, but I'd like to note, the immigration judge stated in his decision that the Petitioner was not actively involved in selling marijuana. At page 146 of the record, the immigration judge stated, quote, there was no evidence that Petitioner was actively involved in selling marijuana. In addition, the Petitioner had no prior involvement or convictions for drugs or controlled substances. The immigration judge also noted in his decision that, quote, there was no evidence that Petitioner was paid to be involved with allowing the roommate to store the drugs in the apartment. He did not receive any payment. There was no remuneration. The IJ acknowledged this in his decision, but did not credit this fact that Petitioner had not received any payment remuneration, and there was no evidence he was paid at any point to allow the friend to store contraband in the apartment. This is circumstantial evidence that was used in order to find him inadmissible under INA 212 A2C, but this court's presence have always universally held that there must be more. There must be a conscious, knowing, and voluntary act towards drug trafficking. I'd like to... But it doesn't have to be an offense. It can be reason to believe that he was an illicit trafficker. That's sufficient for the AG to remove him, right? It is true under the Board of Immigration Appeals present decision that there need not be an actual conviction. Simply having a reason to believe by the immigration officer would be sufficient to an individual inadmissible, but there still must be substantial evidence which makes the person inadmissible under the laws. In this particular case... Counsel, you have to tell me why, following up on Judge May's questions, you have to tell me why, one, the plea of guilty solicitation, two, the drugs were found in his apartment, and three, I deemed him not credible. Why isn't that enough to give rise to reason to believe? Yes, Your Honor. In other words, if you disregard his denials about knowledge and all that, you know, then a lot of cases that say, well, you know, if you find commercial quantities of a drug in your apartment, you know, it gives rise to an inference that you knew they were there. Right? Your Honor, the court is reviewing the Board of Immigration Appeals decision. In that decision, the Board of Immigration Appeals focused on the specific facts of this case. At page five of the record, they discuss the facts and do not use the fact of the conviction in and of itself to sustain the charge of inadmissibility under INA 212A2C. What do they use? They use a variety of factors that the immigration judge looked to. Number one, the immigration judge looked to petitioner's presence in the apartment while it was his apartment. He owned that apartment. The immigration judge also looked to the amount of marijuana found, which was 40 pounds. They looked to the fanny pack with the gun and the lease agreement. But if we look at those specific factors, such as the fanny pack, the roommate admitted in the record that the gun in the fanny pack was his. At page 860, I'm sorry, at page 336 of the administrative record, the petitioner testified that the gun was his roommate's. The police report at page 870 also indicates, quote, Dumancelli volunteered that the revolver in the living room was his. These are facts that the immigration judge focused on to find that petitioner was inadmissible as a drug trafficker when, in fact, the fanny pack, which contained a gun, didn't even belong to the petitioner. With respect to the lease agreement, we would submit the immigration judge stated that the lease agreement was found in a plastic bag with marijuana. In fact, that is an erroneous citation of the facts. At page 870 of the administrative record, the police reports indicate that behind the passenger seat in the vehicle was found a pouch, and inside that pouch they found marijuana as well as a lease agreement, but not together in a plastic bag. As the government stated in their brief, they seem to say that petitioner stated, I have no explanation on that, but, in fact, he did explain. He stated, but, quote, I know I never put any papers in anything with marijuana, end quote. That's found at page 356. I see that I'm out of time, so I'll stop at this time. Thank you, honors. Thank you, counsel. Ms. Bruckner? Thank you, your honor. Good morning, your honors. My name is Patricia Bruckner. I represent the acting attorney general, Robert Wilkinson. The 2060 unpublished decision, Morales de la Valle, is persuasive, authority, and directly on point. Morales was found inadmissible for reason to believe he was involved in drug trafficking based on a conviction under the same Arizona statutes at issue here, solicitation and possession of marijuana for sale. According to the Morales court, of course, his guilty plea was probative of the fact that he did engage in that activity. Morales cited the published decision, shadows rare. And I'd like to dispute what counsel just said about whether or not the board relied on the conviction. The board did. At the record at page three, the board is sustaining, is affirming the immigration judge's sustaining of the removal charge and specifically said, based on this conviction, the DHS charged the respondent with removability under this section and the immigration judge sustained the charge and then incorporates the immigration judge's suspicion at pages four to six of that decision. On the next page, the board does go into the facts of the case, but clearly relied on that conviction. So that conviction was sufficient to give a reasonable person here, here the immigration judge, reason to believe Morales was sufficiently involved in drug trafficking and the Morales court specifically discussed the expansive reach of 1182 A2C. Morales is certainly persuasive here. His conviction alone provides the government reasonable substantial and probative evidence that he wasn't either or a vendor in the illicit drug trafficking that occurred in his apartment. But the agency didn't just rely on the conviction. They also cited the police reports and petitioner's own testimony. The police reports established a lot of indicia of trafficking, a huge amount of marijuana, 40 pounds, secreted in the kitchen, in a cabinet, in the refrigerator, a scale, in plain view, two firearms between petitioner's apartment and his vehicle, and also a lot of packing materials. As far as his testimony, the government contends he was certainly aware that trafficking was occurring in his home. He didn't respond when his houseguest told him he was removed marijuana within a day or two. So as the immigration judge pointed out, at a minimum, he had knowledge that his apartment was being used for storing this marijuana for trafficking. And that set the record at 333. Second, he had no explanation for the ziploc marijuana seized during the search in his car, which was in the vicinity of his lease agreement. And that's 355 to 56. So a reasonable tax finder would not be compelled to disagree with this reason to believe findings. Of course, the same ground made petitioner ineligible for adjustment of status and cancellation of removal. I'd like to respond to petitioner's statutory question here regarding the stop time rule. The question is whether the term offense, which is in the stop time rule, means a conviction. And if it does, then the reason to believe section would not be invoked here. But it does not. The stop time rule says that the presence for cancellation is terminated when the alien has committed an offense, referred to in section 1182 A2. The reason to believe section is in 1182 A2. It is in C. It does not involve a conviction. It needs not involve a conviction, of course. In this case, it does, however. And this text says when the alien has committed an offense. It doesn't say when the alien has a conviction for an offense referred to in section 1182 A2. So by the plain language of statute, we believe that the stop time rule specifically invokes this reason to believe section. But regardless, the fact pattern here takes the case out of any issue arising from the text. Petitioner pled guilty to a drug trafficking offense. His conviction certainly is sufficient to satisfy the reason to believe standard. Chavez-Reyes said it logically follows, somewhat guiltlessly, that the immigration officials do not merely have a reason to believe he has trafficked in narcotics. They have a reason to know he has done so. So despite the fact that the reason to believe standard is lower than the conviction standard for deportable grounds, the government had a reason to know he had trafficked. Also, as far as the application for adjustment and cancellation of removal, it was Petitioner's burden to establish by a preponderance of the evidence that the reason to believe ground was not applicable, and he has not done so. Substantial evidence supports the agency's findings, and a reasonable adjudicator would not be compelled to conclude to the contrary. If the court has any questions, I'm happy to answer your questions. No questions. No? No. Thank you, counsel. Mr. Badrinath, I'll give you a minute if you wanted to reserve. Mr. Badrinath? Maybe he's gone. I apologize, your honor, I was on mute. Thank you, thank you. Yes, with respect to the issue of inadmissibility, again, the factors that the petitioner presented demonstrate that he was not a conscious, knowing participant in drug trafficking. He testified 20 years ago that he had no knowledge of these drugs. He testified during his removal proceedings in 2017 consistently with those statements. The present report corroborates that at page 846 of the record. The immigration judge noted in his decision, although it didn't credit him with it, that he was not actively involved in selling marijuana. He did not receive any payment or remuneration for the drugs. Petitioner's wife's testimony also indicated that he was honest and truthful and possessed great integrity at page 378 of the record. These factors should have been considered by the immigration judge, but instead the immigration judge focused on a lease agreement, a fanny pack with a gun that didn't belong to petitioner, the amount of marijuana found, and the petitioner's own presence to find him inadmissible. We submit to the court that this was an error, as there was not substantial evidence to find that petitioner was inadmissible. Thank you, your honor. Thank you very much, counsel. Flores Medina versus Wilkinson is submitted, and we'll take up the D.C. Regents versus FEMA.
judges: Tashima, Wardlaw, Bea